UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| BROTHERS PETROLEUM, LLC, ET AL. | CIVIL ACTION |
| VERSUS | No. 21-956 |
| UNITED STATES OF AMERICA, ET AL. | SECTION: "J"(1) |

## ORDER AND REASONS

Before the Court is a *Motion to Dismiss Under Federal Rule of Civil Procedure 12(b)* **(Rec. Doc. 38)** filed by Defendants; an opposition (Rec. Doc. 44) filed by Plaintiffs; and a reply (Rec. Doc. 48) filed by Defendants. Having considered the motion and legal memoranda, the record, and the applicable law, the Court finds that the motion should be granted.

## FACTS AND PROCEDURAL BACKGROUND

Plaintiffs Brothers Petroleum, LLC; Golden Gallons, LLC; and Manhattan Management Services, LLC are small businesses who applied for the Paycheck Protection Program ("PPP") of the recently enacted Coronavirus Aid, Relief, and Economic Security Act ("CARES Act"). (Rec. Doc. 1, at 2). Congress tasked the United States Small Business Administration ("SBA") with administering PPP. *Id.* The SBA's authority to administer loans stems from § 7(a) of the Small Business Act, 15 U.S.C. § 636 *et seq. Id.* at 6. The CARES Act instructed the SBA to temporarily guarantee loans under a new § 7(a) program, PPP. *Id.* Pursuant to existing § 7(a) guidelines for issuing small business loans, an owner of twenty percent or more of the

1

equity of a business, who is subject to an indictment for a felony, is not eligible to receive an SBA loan ("the Criminal History Exclusion"). (Rec. Doc. 27, at 3).

Imad Hamadan, owner of more than twenty percent of the equity in the three Plaintiff LLCs, is currently subject to a felony indictment. (Rec. Doc. 1, at 27–30). Therefore, the Plaintiff LLCs were deemed ineligible for PPP under the Criminal History Exclusion. *Id.* at 29.

In response, Plaintiffs filed this action, seeking injunctive and declaratory relief. Plaintiffs then filed a motion for preliminary injunction, which was denied by this Court based upon strong Fifth Circuit precedent that district courts lack subject matter jurisdiction to grant such relief against the SBA. (Rec. Doc. 38, at 1–2). Defendants subsequently filed the instant motion. Defendants seek dismissal of the case for lack of subject matter jurisdiction, in direct response to the Court's finding in Plaintiffs' motion for preliminary injunction, or. in the alternative, dismissal under 12(b)(6) for failure to state a claim.

## **LEGAL STANDARD**

In deciding a motion to dismiss for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1), "the district court is 'free to weigh the evidence and resolve factual disputes in order to satisfy itself that it has the power to hear the case.'" *Krim v. pcOrder.com, Inc.*, 402 F.3d 489, 494 (5th Cir. 2005). The party asserting jurisdiction must carry the burden of proof for a Rule 12(b)(1) motion to dismiss. *Randall D. Wolcott, M.D., P.A. v. Sebelius*, 635 F.3d 757, 762 (5th Cir. 2011). The standard of review for a motion to dismiss under Rule 12(b)(1) is the same

as that for a motion to dismiss pursuant to Rule 12(b)(6). *United States v. City of New Orleans*, No. 02-3618, 2003 WL 22208578, at *1 (E.D. La. Sept. 19, 2003). If a court lacks subject matter jurisdiction, it should dismiss without prejudice. *In re Great Lakes Dredge & Dock Co.*, 624 F.3d 201, 209 (5th Cir. 2010). When "a Rule 12(b)(1) motion is filed in conjunction with other Rule 12 motions, the court should consider the Rule 12(b)(1) jurisdictional attack before addressing any attack on the merits." *Id.* (internal quotation marks and citation omitted).

To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead sufficient facts to "'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*quoting Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible when the plaintiff pleads facts that allow the court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* The factual allegations in the complaint "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. "[D]etailed factual allegations" are not required, but the pleading must present "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. The court must accept all well-pleaded facts as true and must draw all reasonable inferences in favor of the plaintiff. *Lormand v. U.S. Unwired, Inc.*, 565 F.3d 228, 232 (5th Cir. 2009). However, "'conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss.'" *Beavers v. Metro. Life Ins. Co.*, 566 F.3d 436, 439 (5th Cir. 2009) (citation omitted).

## DISCUSSION

**I.     12(B)(1) – SUBJECT MATTER JURISDICTION AND DECLARATORY RELIEF**

Plaintiffs acknowledge that Fifth Circuit precedent does not allow for injunctive relief against the SBA. (Rec. Doc. 44, at 2). However, Plaintiffs contend that declaratory relief is still available. *Id.* The Declaratory Judgment Act grants wide discretion to a court, acting within its independent jurisdiction in a case of actual controversy, to "declare the rights and other legal relations of any interested party." 28 U.S.C. § 2201(a).

In *Pottharst v. Small Business Administration*, the plaintiff sought both declaratory and monetary relief. 329 F. Supp. 1142, 1145 (E.D. La. 1971). The court found that "Congress has granted authority for the Administrator of the Small Business Administration to sue and be sued in 15 U.S.C. § 634(b), providing, by way of limitation, that 'no attachment, injunction, garnishment, or other similar process, mesne or final, shall be issued against the Administrator or his property.' There is therefore, the court found, *express statutory authority for declaratory and monetary relief.*" *Id.* at 1145–46 (emphasis added).

Years later, the Fifth Circuit in *Valley Construction Co. v. Marsh* held "that if plaintiffs can prevail on the merits upon trial, a declaratory judgment is a proper remedy" against the SBA as long as the request for declaratory relief is not "a shallow subterfuge for an unavailable injunction." 714 F.2d 26, 29 (5th Cir. 1983). Other circuits have reached the same conclusion. *See Mar v. Kleppe*, 520 F.2d 867 (10th Cir. 1975) ("The likelihood is that the statute excepts the injunction because of the threat

of impeding or interfering with the administrative process. It does not, however, preclude an action for damages or one seeking a declaratory judgment."); *Ulstein Maritime Ltd. v. United States*, 833 F.2d 1052 (1st Cir. 1987) ("But a declaratory judgment is a milder remedy which is frequently available in situations where an injunction is unavailable or inappropriate. Thus, even courts that have accepted the view that the SBA is immune from injunction have held that declaratory relief against the SBA is not synonymous with an injunction."); and *Little v. United States*, 645 F.2d 77 (7th Cir. 1981).

Here, Plaintiffs are seeking a declaration that (1) the Criminal Background Exclusion is contrary to law; (2) the Criminal Background Exclusion is arbitrary and capricious; and (3) the SBA and its Administrator unlawfully withheld agency action through their promulgation and/or application of the Criminal Background Exclusion. A declaration of any of the above would not be "subtle subterfuge," but simply a statement of the existing legal rights. Therefore, the Court will proceed to the 12(b)(6) analysis.

## II. 12(B)(6)

### A. CONTRARY TO LAW

The Administrative Procedure Act ("APA") requires the court to "hold unlawful and set aside agency action" that is "in excess of statutory jurisdiction, authority, or limitations." 5 U.S.C. §706(2)(C). To determine if an agency exceeded its statutory authority, the court applies the two-step analysis from *Chevron, U.S.A., Inc. v. Natural Resources Defense Council, Inc.* 467 U.S. 837 (1984). Under the first step of

5

*Chevron*, the court asks whether "Congress has directly spoken to the precise question at issue." *Huawei Techs. USA, Inc. v. Fed. Commc'ns Comm'n*, 2 F.4th 421, 433 (5th Cir. 2021) (*citing Acosta v. Hensel Phelps Constr. Co.*, 909 F.3d 723, 730 (5th Cir. 2018) and *quoting Chevron*, 467 U.S. at 842–44). If the answer is yes, the court must "give effect to the unambiguously expressed intent of Congress" and reverse an agency's interpretation that fails to conform to the statutory text. *Id.* (*quoting Chevron*, 467 U.S. at 842–43). In its analysis of the statute, the court relies on "authoritative Supreme Court decisions" and "conventional standards of statutory interpretation," looking to "text, structure, and the overall statutory scheme." *Id.* (*quoting Chamber of Com. v. U.S. Dep't of Lab.*, 885 F.3d 360, 369 (5th Cir. 2018)).

However, if the answer to the first *Chevron* question is no, and the statute is silent or ambiguous as to the specific issue, the court then asks whether "the agency's answer is based on a permissible construction of the statute." *Id.* (citations omitted). When the agency's construction is reasonable, the court will defer to the agency's construction, but when the agency's construction is "arbitrary, capricious, or manifestly contrary to the statute," the court must set aside the agency action. *Id.* There is considerable deference given to the agency's construction of the statute, and "a court may not substitute its own construction of a statutory provision for a reasonable interpretation made by the administrator of an agency." *Chevron*, 467 U.S. at 844. Notably, the agency's interpretation does not have to be an inevitable one, only a permissible one. *Sullivan v. Everhart*, 494 U.S. 83, 93 (1990).

Here, Defendants assert that the SBA acted within the bounds of its statutory authority in excluding applicants with certain criminal histories because Congress made the considered decision not to establish PPP as a freestanding program. (Rec. Doc. 27, at 13). Instead, Defendants aver that Congress added it into the existing § 7(a) program, thus subjecting it to existing conditions and regulations. *Id.* Moreover, Defendants contend that SBA's determination to exclude applicants with certain criminal histories is wholly consistent with the CARES Act and its aims. *Id.* at 14.

In opposition, Plaintiffs argue that the SBA may consider only two factors in determining PPP loan eligibility. (Rec. Doc. 44, at 7). Plaintiffs arrive at this conclusion based upon (1) statutory interpretation of the phrase "***any*** small business ***shall*** be eligible." *Id.* at 2–7 (emphasis added) and (2) a reliance on the court's analysis in *DV Diamond Club of Flint, LLC v. U.S. Small Business Administration*, 459 F. Supp. 3d 943 (E.D. Mich. 2020). *Id.* at 7. In *DV Diamond Club*, the court held that, in enacting the CARES Act, "Congress . . . establish[ed] only two criteria for PPP loan guarantee eligibility and provid[ed] that any business concern shall be eligible for a PPP loan guarantee if it met those criteria." 459 F. Supp. 3d at 946 (citations and alterations omitted). *DV Diamond Club*, however, was focused on the Adult Entertainment Exclusion. *Id.* at 956. The court was not focused on the bankruptcy or criminal history exclusions, which are based upon the § 7(a) statutory requirement that all loans "be of such sound value . . . as reasonably to assure repayment." 15 U.S.C. § 636(a)(6). The SBA considers bankruptcy and criminal history status for small business loans because loan applicants "must be

7

creditworthy." 13 C.F.R. § 120.150. Thus, an inquiry into creditworthiness to determine the "[s]trength of the business," the "[a]bility to repay the loan with earnings from the business," and the "[p]otential for long-term success" must be made. *Id.*

Therefore, the bankruptcy exclusion cases are more comparable, *see, e.g., In re Gateway Radiology Consultants, P.A.*, 983 F. 3d 1239 (11th Cir. 2020) (finding SBA did not exceed its statutory authority in issuing its bankruptcy debtor ineligibility rule), as is the case of *Defy Ventures, Inc. v. U.S. Small Business Administration*. 469 F. Supp. 3d 459 (D. Md. 2020), the only case to date that analyzed the Criminal History Exclusion in conjunction with PPP.

In *Defy Ventures, Inc.*[1], the plaintiffs first argued, as Plaintiffs do here, that Congressional intent was for "all businesses [to] be eligible to apply for PPP funding." 469 F. Supp. 3d at 472. The *Defy* court rejected this argument, stating:

> The CARES Act states that "[d]uring the covered period, in addition to small business concerns, any business concern" is eligible if it meets certain size restrictions. The preceding reference to "small business concerns" and the subsequent reference to size restrictions indicate that "any" is meant to indicate that SBA financial assistance is not limited in the PPP just to small business concerns. But "the Court disagrees with Plaintiffs that in expanding the size restrictions, Congress unambiguously provided that there could be no other eligibility criteria."

*Id.* at 472–73 (*quoting* 15 U.S.C. § 636(a)(36)(D)(i) and *Diocese of Rochester v. Small Bus. Admin.*, 466 F. Supp. 3d 363, 376 (W.D.N.Y 2020)). Moreover, the court found that "the statutory context also supports that Congress presumed other restrictions would apply" because other sections of the CARES Act "expressly lift normally

---

[1] In *Defy Ventures, Inc.*, the court was analyzing these issues on a motion for preliminary injunction.

8

applicable restrictions on loan eligibility." *Id.* at 473 (citing *Diocese of Rochester v. Small Bus. Admin.*, 466 F. Supp. 3d at 376) ("[t]hese waivers of otherwise applicable eligibility requirements would be superfluous if, in fact, § 1102(a)(36)(D)(i) unambiguously eliminated any requirement beyond size."). However, because the *Defy* court found that Congress' intent was not clear, it looked to the SBA's interpretation. *Id.*

The *Defy* plaintiffs argued that (1) Congress did not delegate authority to the SBA to issue regulations to implement the PPP, and (2) that the SBA's interpretation was unreasonable. *Id.* at 473–74. The *Defy* court rejected both of these arguments. *Id.* First, § 1114 of the CARES Act provides emergency rulemaking authority to the SBA.[2] *Id.* (*citing* 15 U.S.C. § 636(a)(36)(B)). Second, because the SBA had rule making authority, the *Defy* "court [found] that the [SBA's] June 24 [Interim Final Rule ("IFR") was] based on a permissible construction of the statute" because "Congress presumed that other eligibility restrictions would apply, and the SBA normally restricts Section 7(a) eligibility based on criminal history." *Id.* at 474. Moreover, the *Defy* court agreed with the plaintiffs "that PPP functions differently than the SBA's other loan programs," however the court found that "it is not unreasonable to consider ability to repay, because if the loans are not used for specified purposes, than [*sic*] they are not forgivable." *Id.*

---

[2] The CARES Act states that "the Administrator shall issue regulations to carry out this title and the amendments made by this title." 15 U.S.C. § 9012. Section 1102(a) of the CARES Act further provides that "[e]xcept as otherwise provided in this paragraph, the Administrator may guarantee covered loans under the same terms, conditions, and processes as a loan made under [Section 7(a)]."

9

Moreover, other courts have examined the CARES Act in the context of its overall statutory scheme and "have held that the Congress did not intend CARES Act criteria to be the exclusive criteria for the disaster loans, did not eliminate long-standing eligibility criteria, and instead temporarily expanded eligibility regarding size for disaster loans." *Pharaohs GC, Inc. v. Small Bus. Admin.*, No. 20-CV-665, 2020 WL 3489404, at *4–5 (W.D.N.Y. June 26, 2020), *aff'd*, 990 F. 3d 217 (2d Cir. 2021) (the CARES Act did not speak to whether the SBA may impose additional restrictions on eligibility regarding criminal-history and prurient-business exclusions); *see also Tradeways, Ltd. v. Dep't of the Treasury*, No. ELH-20-1324, 2020 WL 3447767, at *13 (D. Md. June 24, 2020) (same regarding exclusions from the PPP for debtors in bankruptcy); *Diocese of Rochester v. Small Bus. Admin.*, 466 F. Supp. 363 (W.D.N.Y. 2020) (same; points to other provisions in the CARES Act that anticipate additional eligibility criteria or waive requirements; "[t]hese waivers of otherwise applicable eligibility requirements would be superfluous if, in fact, [the CARES Act] unambiguously eliminated any requirement beyond size.").

This Court finds the analysis in *Defy Ventures, Inc.*, compelling. Further, Plaintiffs' reliance on the Sixth Circuit's motion panel decision and insistence that the Court disregard any decisions to the contrary is insufficient. As this Court stated during the preliminary injunction hearing, the Sixth Circuit's decision in *DV Diamond Club*, "was a motions panel. It wasn't the merits panel on an appeal. . . . You're still staring at the Fifth Circuit and the other two circuits [Eleventh Circuit and Second Circuit] that are pretty strong precedent against you." (Rec. Doc. 45, at

10

8–9). Therefore, the Court finds that the Criminal History Exclusion is not in excess of the SBA's statutory authority or otherwise not in accordance with the law.

### B. ARBITRARY AND CAPRICIOUS

Even though the SBA did not act in excess of its statutory authority, it may still have acted arbitrarily and conspicuously in violation of 5 U.S.C. § 706(2). "The APA's arbitrary-and-capricious standard requires that agency action be reasonable and reasonably explained. . . . A court simply ensures that the agency has acted within a zone of reasonableness and, in particular, has reasonably considered the relevant issues and reasonably explained the decision." *FCC v. Prometheus Radio Project*, 141 S. Ct. 1150, 1158 (2021) (citations omitted). "Normally, an agency rule would be arbitrary and capricious if the agency has relied on factors which Congress has not intended it to consider, entirely failed to consider an important aspect of the problem, offered an explanation for its decision that runs counter to the evidence before the agency, or is so implausible that it could not be ascribed to a difference in view or the product of agency expertise." *Motor Vehicle Mfrs. Ass'n of U.S. v. State Farm Mut. Auto. Ins. Co.*, 463 U.S. 29, 43 (1983). "To comply with § 706(2)(A), an agency 'must examine the relevant data and articulate a satisfactory explanation for its action including a rational connection between the facts found and the choice made.'" *Casa De Maryland v. U.S. Dep't of Homeland Security*, 924 F.3d 684, 703 (4th Cir. 2019) (*quoting id.*).

Defendants argue that the SBA did not act arbitrarily and capriciously in retaining the Criminal History Exclusion in the PPP. (Rec. Doc. 27, at 20–24).

11

Defendants specifically cite to the June 24, 2020 IFR's explanation for the Criminal History Exclusion. *Id.* at 21. In response, Plaintiffs contend that the SBA disregarded its obligations under the APA because it failed to promulgate rules and policy based on a consideration of the relevant statutory factors and to articulate a satisfactory explanation for its actions including a rational connection between the facts found and the choice made. (Rec. Doc. 44, at 10).

On June 24, 2020, the SBA amended the Criminal History Exclusion to make the PPP eligibility requirements "more consistent with Congressional intent to provide relief to small businesses . . . ." 85 Fed. Reg. 38301, 38303. The Administrator, in consultation with the Secretary of the Treasury,

> determined that [the Criminal History] restriction on eligibility remains appropriate because the operations of small business concerns present a greater danger of becoming impaired when their owners are incarcerated. As a result, they may have greater difficulty repaying their loans and present a greater credit risk. . . . [T]he borrowers' ability to repay the loans remains an important consideration.

85 Fed. Reg. 38301, 38303. Moreover, "[h]aving an owner incarcerated facing felony charges, or having a higher likelihood of reincarceration (e.g. if recently placed on probation or parole), the rule explains, could place the creditworthiness of the business in question." *Defy Ventures, Inc.*, 469 F. Supp. 3d at 476 (*citing id.*). This Court finds, just as *Defy* did, that this is an adequate and reasonable explanation for the Criminal History Exclusion.

Finally, Plaintiffs contend that the Criminal History Exclusion is contrary to the purposes of PPP. (Rec. Doc. 44, at 10). The central promise of PPP, Plaintiffs assert, was funded loan forgiveness and access for those most in need. *Id.* Plaintiffs

aver that excluding small business owners, such as Plaintiffs, with only pending charges, cannot be squared with the capital access and relief driven aims of the CARES Act. *Id.* at 10–11. This Court acknowledges that several courts, based on a preliminary determination that PPP is not a loan program but a grant or support program, have found that the exclusion of bankruptcy debtors is arbitrary and capricious. *See, e.g., In re Skefos*, No. 19-29718-L, 2020 WL 2893413, at *11–12 (W.D. Tenn. June 2, 2020); *In re Roman Catholic Church of Archdiocese of Santa Fe*, 615 B.R. 644, 654 (Bankr. D. N.M. 2020). Thus, this Court mut first determine whether PPP is a loan or grant program.

First, the text of the CARES Act consistently refers to PPP "loans." *See, e.g., Tradeways*, 2020 WL 3447767, at *17 (noting word "loan" appears some 75 times in the CARES Act's PPP provisions). Second, Congress placed the PPP within the SBA's existing § 7(a) loan program. "PPP was not created as a standalone program but was added into the existing § 7(a) program, which subjects it to existing conditions and regulations, as well as existing SBA authority." *Pharaohs GC, Inc.*, 990 F.3d at 227 (*quoting In re Gateway Radiology Consultants, P.A.*, 983 F.3d at 1256)). Moreover, as one court explained:

> Congress elected to establish a loan program, albeit one that does not look like any other loan program available from the government or the capital markets. These loans may function as a grant of aid during a crisis, but they are still—at least at their inception—loans. Until a debt evidenced by a PPP note is forgiven in accordance with the law, the holder of the note and a guarantor are rightfully concerned about the maker's ability to satisfy the debt. This is true whether or not the note bears a low, fixed rate of interest, and it is even more true where, as here, there is no collateral for the debt and no personal guarantee supporting the obligation.

13

*In re Penobscot Valley Hosp.*, No. 19-10034, 2020 WL 3032939, at *9 (Bankr. D. Me. June 3, 2020) (*citing* 15 U.S.C. § 636(a)(36)(J), (L)). Based on the above, this Court finds that PPP was a loan with forgiveness eligibility if, and only if, used for specific expenses. As the SBA's website states, "[i]f borrowers do not apply for forgiveness within 10 months after the last day of the covered period, then PPP loan payments are no longer deferred, and borrowers will begin making loan payments to their PPP lender." *PPP Loan Forgiveness: How and when to apply for loan forgiveness*, https://www.sba.gov/funding-programs/loans/covid-19-relief-options/paycheck-protection-program/ppp-loan-forgiveness#section-header-4. Therefore, the Criminal History Exclusion, aimed at ensuring repayment, was not contrary to the purpose of PPP. Thus, the Court finds that the Criminal History Exclusion is not arbitrary and capricious.

Finally, Plaintiffs fail to address all other issues raised by Defendants in their Motion to Dismiss. The Court, finding Defendants' arguments regarding due process, mandamus, and ministerial duty to have merit, grant dismissal as to those counts.

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Defendants' *Motion to Dismiss Under Federal Rule of Civil Procedure 12(b)* **(Rec. Doc. 38) is GRANTED.**

New Orleans, Louisiana, this 1st day of November, 2021.

CARL J. BARBIER
UNITED STATES DISTRICT JUDGE